IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ROBERT FRANKLIN VAN ZANDT,<br><br>   Debtor.<br>_____/ | Nos. C 13-00702 CW<br>    13-01568 CW<br>    13-02765 CW<br>    13-04200 CW<br><br>Bk. No.  12-32655 HB<br><br>ORDER AFFIRMING DECISIONS OF BANKRUPTCY COURT AND DENYING MOTION TO WITHDRAW REFERENCE |

Pro se Debtor Robert Franklin Van Zandt has filed appeals of four of the bankruptcy court's orders in this case and a motion to withdraw the reference.[1]  Appellees have filed responding briefs and Debtor has filed replies.  Having considered the papers filed by the parties, the Court AFFIRMS the Bankruptcy Court's orders and DENIES the motion to withdraw the reference.

JURISDICTION AND STANDARD OF REVIEW

The district court has jurisdiction over these appeals under 28 U.S.C. § 158(a).  The bankruptcy court's conclusions of law are reviewed de novo and its findings of fact under the clearly erroneous standard.  Fed. R. Bankr. 8013; In re Wegner, 839 F.2d

---

[1] Debtor filed two additional appeals from interlocutory orders, which this Court dismissed on May 1, 2013.  See Case No. 13-1513, Docket No. 6; Case No. 13-1888, Docket No. 4.  Debtor appealed the dismissals, and the Ninth Circuit dismissed those appeals for lack of jurisdiction.  See Case No. 13-1513, Docket No. 11; Case No. 13-1888, Docket No. 8.  Debtor has also filed two more recent appeals, which have not yet been briefed.  See Case Nos. 13-5947, 13-5948.

533, 536 (9th Cir. 1988). The decision to grant or deny relief from the automatic stay is reviewed for an abuse of discretion. In re Arnold, 806 F.2d 937, 938 (9th Cir. 1986).

## BACKGROUND

Debtor, then represented by counsel, filed a voluntary Chapter 7 Petition on September 17, 2012. Bankruptcy Docket No. 1. The only sources of income Debtor listed on his Petition were his Social Security Insurance Benefits, Veteran's Disability Benefits and Veteran's Vocational Rehabilitation Benefits. Id. Debtor claimed various property, including a Veteran's Benefit Account and miscellaneous personal property, all of which he claimed as exempt. Id. Debtor listed four unsecured creditors on his petition: Bank of America for credit card purchases; Edith Mazzaferri, the Trustee of the Fiorani Living Trust, for "Pending litigation in San Francisco County regarding alleged breach of trust"; M. Consentino for a judgment "stayed by court order"; and William Parisi for "Pending litigation in San Francisco County regarding alleged breach of trust." Id. at 40-41. On October 25, 2012, the Chapter 7 Trustee reported that

> I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months [sic]. Assets Abandoned (without deducting any secured claims): $ 3104.49, Assets Exempt: $ 36718.51, Claims Scheduled: $ 14053.55, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value

2

1    of collateral or debts excepted from discharge):
     $ 14053.55. Meeting of Creditors Held.
2  Bankruptcy Docket Entry for October 25, 2012.

3    On December 21, 2013, Mazzaferri filed an adversary
4  proceeding against Debtor, objecting to the recommendation of
5  discharge.  Bankrupcty Adversary Case No. 12-3183.  On December
6  23, 2013, Parisi also filed an adversary proceeding against
7  Debtor, objecting to the recommendation of discharge.  Bankruptcy
8  Adversary Case No. 12-3184.

9    On December 24, 2012, Parisi filed a motion for relief from
10 the stay, seeking to proceed with his litigation against Debtor in
11 San Francisco Superior Court.  The Bankruptcy Court granted the
12 motion, lifting the stay to allow the litigation to proceed, but
13 ordered that Parisi could not seek to enforce any judgment
14 obtained in his favor without an order of the Bankruptcy Court.
15 On February 1 2013, Debtor filed a notice of appeal of this order
16 and elected to have the appeal heard by the district court.  The
17 appeal is docketed in this Court as Docket Number 13-702.

18   On February 13, 2013, Debtor filed in the Bankruptcy Court a
19 motion to withdraw the reference of his Chapter 7 bankruptcy
20 proceeding to the Bankruptcy Court.  On February 25, 2013, the
21 Bankruptcy Court entered an order recommending that the district
22 court deny the motion to withdraw the reference.  On February 26,
23 2013, the Bankruptcy Court transmitted the motion to withdraw and
24 the Bankruptcy Court's recommendation to this Court.  The motion
25 to withdraw was docketed as part of case number 13-702 in this
26 Court.

27   On March 5, 2013, Mazzaferri filed a motion for relief from
28 the stay, seeking to proceed with her litigation against Debtor in

3

San Francisco Superior Court. On April 1, the Bankruptcy Court granted the motion for relief from the stay, allowing Mazzaferri to proceed with her litigation against Debtor, but prohibiting her from seeking to enforce any judgment in her favor without an order from the Bankruptcy Court. On April 3, 2013, Debtor filed a notice of appeal of the Bankruptcy Court's order granting the motion for relief from the stay and elected to have the appeal heard by the district court. The appeal is docketed in this Court as Docket Number 13-1568.

On April 11, 2013, Mazzaferri filed a motion for leave to collect on a judgment obtained in the state court proceedings. Debtor opposed the motion, arguing that the state court judgment was obtained in violation of the automatic stay and accordingly void. The Bankruptcy Court denied Mazzaferri's motion but found, "Neither the request for, nor the issuance of, the Abstracts of Judgment issued on March 25, 2013 in San Francisco Superior Court Case No. CGC-10-500462 are violations of the 11 U.S.C. 362 automatic stay." Bankruptcy Court Docket No. 75. Debtor filed a notice of appeal of the Bankruptcy Court's order denying the motion for leave to collect a judgment and elected to have the appeal heard by the district court. Debtor characterizes the Bankruptcy Court's order as granting the motion in part and denying it in part. The appeal is docketed in this Court as Docket Number 13-2765.

On July 23, 2013, Debtor filed a pro se motion for sanctions against Mazzaferri and her attorney, Russell Stanaland. The Bankruptcy Court denied the motion on August 22, 2013. Debtor filed a notice of appeal of the Bankruptcy Court's order denying

4

his motion for sanctions and elected to have the appeal heard by the district court.  The appeal is docketed in this Court as Docket Number 13-4200.

## DISCUSSION

I.  Grant of Parisi's Motion for Relief from Stay and Debtor's Motion to Withdraw Reference--Case No. 13-702

Debtor appeals the grant of Parisi's motion for relief from stay based on an alleged denial of his right to due process. First, he argues that he was not provided with proper notice of the motion.  Second, he argues that Parisi's counsel did not appear for the hearing on the motion for relief from stay, but the order granting the motion states that counsel appeared.  This purported inconsistency is also the basis of Debtor's motion to withdraw the reference to the Bankruptcy Court of the entire Chapter 7 case.

Debtor's argument regarding the lack of notice of the motion is without merit.  Debtor's attorney is a registered Electronic Case Filing user who is listed as attorney of record in the bankruptcy proceeding.[2]  Accordingly, counsel was served electronically prior to the January 14, 2013 hearing.  Debtor has no evidence to the contrary.

Debtor's argument regarding the inconsistency between the transcript for the hearing on the motion for relief from stay and the order on that motion is also unavailing.  Debtor submits a transcript that encompasses the proceedings between 1:05:22 PM and

---

[2] Debtor's counsel is still listed as attorney of record on the Bankruptcy Court docket.  However, counsel has not filed anything on that docket since March 19, 2013 and, since that time, Debtor has filed multiple documents pro se.

5

1:05:32 PM and indicates that neither he nor counsel for Parisi appeared for the hearing when the case was called at that time. Plaintiff also submits the order granting the motion for relief from stay, which indicates that counsel for Parisi appeared at the hearing.  The Bankruptcy Court's Recommendation Re: Motion to Withdraw Reference clearly explains that Parisi's counsel appeared late and the Bankruptcy Court docket clearly indicates that a hearing was held on January 14, 2013.  The Bankruptcy Court's docket and order support a finding that Parisi's counsel appeared after 1:05:32 PM, at which time, the Bankruptcy Court conducted a hearing on the motion.  Debtor presents no evidence to the contrary.  Moreover, Debtor failed to oppose the motion in writing or to appear at the hearing.  Even now, on appeal, Debtor fails to provide any basis aside from the alleged due process violation for reversing the Bankruptcy Court's order, whether or not Parisi's counsel was present. Accordingly the Court AFFIRMS the Bankruptcy Court's grant of Parisi's motion for relief from stay.

Debtor's motion to withdraw the reference is based on the same alleged denial of his due process rights.  As discussed above, the Court finds Debtor's due process allegations unavailing.  Accordingly, the Court DENIES Debtor's motion to withdraw the reference.

II. Grant of Mazzaferri's Motion for Relief From Stay--Case No. 13-1568

Debtor next appeals the Bankruptcy Court's order granting Mazzaferri relief from the automatic bankruptcy stay.  As noted above, the Bankruptcy Court granted Mazzaferri's motion for relief, allowing her to pursue her San Francisco Superior Court

6

case, but prohibited her from seeking to enforce any favorable judgment obtained in that case, without leave of the Bankruptcy Court. Title 11 U.S.C. § 362(d)(1) provides in relevant part, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay for cause, including the adequate protection of an interest in property of such party in interest."[3]  "Because there's no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." In re Mac Donald, 755 F.2d 715, 717 (9th Cir. 1985).

A.  Failure to State Grounds

Debtor first argues that Mazzaferri's motion for relief from stay "presented no facts or authority establishing how or why she would be entitled to such relief." Appellant's Opening Brief at 6. However, Mazzaferri's motion asserted that

> cause exists for relief from stay because 1) there is no property in the bankruptcy estate to be protected, 2) movant believes and thereon alleges that the debtor filed the bankruptcy in bad faith for the improper purposes of delaying and hindering the state court actions against him currently pending in San Francisco, of harassing the beneficiary's counsel and of discouraging the trustee and beneficiary pursuing their matters against him; and 3) any claim ultimately liquidated will be subject to nondischarge under 11

---

[3] Debtor argues that Mazzaferri is not entitled to relief under 11 U.S.C. § 362(d)(1) because she "does not have any interest in any specific property." Appellant's Opening Brief at 8. However, § 362(d)(1) clearly states that relief may be granted for "cause, including the adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1) (emphasis added). Accordingly, the protection of an interest in property is only one example of the type of cause for which relief may be granted.

7

> U.S.C. § 523(a)(4) because the debtor conspired with and aided and abetted the former trustee to fraudulently misappropriate trust assets, and the debtor personally committed actual fraud and larceny within the meaning of the statute.

Mazzaferri Motion for Relief from Stay at 2-3.

Debtor argues here, as he argued in the Bankruptcy Court, that Mazzaferri's motion for relief failed to provide sufficient evidence to support her allegations of bad faith and fraud.[4] However, the Bankruptcy Court did not rely on a finding that Debtor filed the bankruptcy proceedings for the purpose of delaying the state court proceeding or that Mazziferri's claim against him would be subject to discharge.  Instead, the Bankruptcy Court relied on its findings that the state court proceedings involved parties and causes of action over which the Bankruptcy Court had limited or no jurisdiction and judicial economy provided cause for granting relief from the stay.

The Ninth Circuit has recognized that allowing state court proceedings to proceed to resolve state court claims over which the Bankruptcy Court has no jurisdiction constitutes cause.  See In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir. 1986); see also, S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 U.S.C.C.A.N. 5836 ("It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled

---

[4] Debtor also states that the Bankruptcy Court should have sanctioned Mazzaferri for this alleged failure to present evidence to support her motion for relief.  However, nothing in the record indicates that Debtor moved for such sanctions.

8

elsewhere."). Deferring to the state court is particularly appropriate where, as here, there are non-debtor co-defendants in the state court proceeding against whom the state court action is not stayed. As the Bankruptcy Court found, judicial economy weighs in favor of allowing Mazzaferri to proceed with her claim against Debtor in state court along with her claims against the non-Debtor state court defendants and then to return to the Bankruptcy Court to litigate the issue of whether the liquidated claim is dischargeable. See, e.g., In re Castlerock Properties, 781 F.2d at 163 (holding that cause existed where "a state court trial is about to take place involving the very same issues").

The Bankruptcy Court also relied on its earlier order, granting the unopposed motion for relief from stay filed by Parisi. Parisi's state court claims against Debtor arise from the same operative facts as Mazzaferri's state court claims. Accordingly, the Bankruptcy Court found that "judicial economy will be best served if these related cases proceed together in state court." Bankruptcy Docket No. 49 at 3 (tentative ruling, adopted by the Bankruptcy Court at Docket No. 51).

B.  Proof of Claim

Debtor next argues that Mazzaferri lacked standing to seek relief from the stay because her claim against the bankruptcy

9

estate was invalid.[5]  Debtor first argues that Mazzaferri's claim was late.  However, she filed her claim on December 21, 2012, within ninety days of the first meeting of creditors as required by Federal Rule of Bankruptcy Procedure 3002(c).  Debtor next suggests that the proof of claim was invalid because it did not list an amount of claim as of the date the bankruptcy case was filed.  However, the Proof of Claim indicates that the claim was "Contingent and Unliquidated."  Indeed, 11 U.S.C. § 101(5)(A) defines "claim" as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  Debtor listed Mazzaferri as a creditor on his bankruptcy petition, indicating that she had a disputed claim for an unknown amount based on "Pending litigation in San Francisco County regarding alleged breach of trust."  Bankruptcy Court Docket No. 1 at 26.

---

[5] Debtor also argues that Mazzaferri lacked standing to seek relief from the stay because she has failed "to present any evidence or argument establishing she is the real party in interest."  Appellant's opening brief at 15.  Debtor further argues that Mazzaferri has failed to demonstrate that Mazzaferri personally, rather than the trust for which she is trustee, has any claim against Debtor.  However, Debtor's original bankruptcy petition indicates that Mazzaferri has a claim against his estate, and she has clearly appeared in this case and the underlying state claim as the trustee for the Fiorani Living Trust, not as an individual.  Debtor does not dispute that the Fiorani Living Trust has a claim against his estate, or that Mazzaferri is the trustee for that trust.

C. State Court Claims

Debtor further argues that Mazzaferri's state court claims are time-barred. Accordingly, Debtor argues, Mazzaferri is not entitled to relief from the Bankruptcy Court stay to pursue those claims. However, as the Bankruptcy Court found, the question of whether the state court claims are timely is an issue to be raised in the state court proceedings.

D. Purpose of the Automatic Stay

Finally, Debtor cites a number of cases discussing the function of the automatic stay and its importance to the bankruptcy system. However, he does not provide any specific argument applicable to his case.

The Court AFFIRMS the Bankruptcy Court's grant of Mazzaferri's motion for relief from stay.

III. Mazzaferri's Motion to Collect on Judgment--Case No. 13-2765

On April 11, 2013, Mazzaferri filed a motion arguing that she was entitled to collect on a judgment for attorneys' fees sanctions obtained in the state court proceeding and seeking the Bankruptcy Court's permission to record the abstract of judgment she obtained in state court. On May 23, 2013, the Bankruptcy Court entered an order (1) denying the motion and (2) finding that Mazzaferri did not violate the § 362 automatic stay when she requested the abstract of judgment in state court or when it issued. Debtor now appeals, challenging the finding that the request for the issuance of an abstract of judgment by Mazzaferri

11

was not in violation of the automatic bankruptcy stay. Debtor has waived this argument. At the hearing on the motion to collect on the judgment, the Bankruptcy Court stated, among other things, "I don't think we have a violation of the automatic stay." When Debtor's counsel was asked whether he had any response, counsel stated, "No, Your Honor. I'm actually in full agreement with you--with your decision." Bankruptcy Court Transcript of May 16, 2013 Proceedings at 4.

Accordingly, the Court AFFIRMS the Bankruptcy Court's May 23, 2013 order.

IV.  Denial of Motion for Sanctions--Case No. 13-4200

Finally, Debtor appeals the Bankruptcy Court's denial of his motion for sanctions. Debtor moved for sanctions arguing that Mazzaferri recorded the abstract of judgment she obtained in state court in violation of the Bankruptcy Court's order denying her motion to collect on a judgment. However, as the Bankruptcy Court found, Mazzaferri only recorded the abstract of judgment as to Debtor's two co-defendants in the state court proceeding, not as to Debtor. Accordingly, the Court AFFIRMS the Bankruptcy Court's order denying Debtor's motion for sanctions.[6]

---

[6] Debtor also filed a motion to strike Mazzaferri's description of the underlying state court proceedings in her brief, arguing that those proceedings "have nothing to do with and are irrelevant to the issue on appeal." Case No. 13-4200, Docket No. 8 at 2. Debtor further moves for sanctions against Mazzaferri's attorney for including the description of the state court proceedings and for seeking to incorporate by reference arguments made in Mazzaferri's brief in response to Debtor's

CONCLUSION

Debtor has not demonstrated that the Bankruptcy Court erred in any way. The Bankruptcy Court's orders granting Parisi's motion for relief from stay (Case No. 13-702); granting Mazzaferri's motion for relief from stay (Case No. 13-1568); denying Mazzaferri's motion for leave to collect on a judgment (Case No. 13-2765); and denying Debtor's motion for sanctions are AFFIRMED (Case No. 13-4200). Debtor's motion to withdraw the reference is DENIED (Case No. 13-702). Debtor's motion to strike and for sanctions is DENIED.

IT IS SO ORDERED.

Dated: 1/27/2014

CLAUDIA WILKEN
United States District Judge

---

appeal of the Bankruptcy Court's denial of her motion for relief from the automatic stay discussed above. The Court DENIES Debtor's motion. Case No. 13-4200, Docket No. 8. Debtor is appealing from the denial of his motion for sanctions related to the recording of an abstract of judgment in the underlying state court proceedings. Accordingly, those proceedings are relevant to the issues on appeal. In addition, Debtor cites Ninth Circuit Rule 28-1 in support of his argument that Mazzaferri's counsel should be sanctioned for incorporating by reference arguments from a related appeal. Assuming without finding that the Ninth Circuit Rules apply to this case, the Court finds that any violation of the rule does not warrant the imposition of sanctions.